[Civ. No. 6426. Third Appellate District.—February 27, 1941.]

A. E. KELLIHER, Appellant, v. PAUL RAY, Respondent.

Lafayette J. Smallpage and Forrest E. Macomber for Appellant.

Honey & Mayall and Len H. Honey for Respondent.

PULLEN, P. J.—This litigation grew out of a collision which occurred about 11 o'clock on the night of May 11, 1939, between a Packard coupe, being driven by plaintiff, in an easterly direction, on the Farmington Road, and a Chevrolet truck, operated by defendant, in a southerly direction, on the Jack Tone Road at the intersection of these two thoroughfares in San Joaquin County.

The Farmington Road is a through highway running east and west and is protected on both sides from traffic entering from the Jack Tone Road, which crosses the Farmington Road at right angles. In the collision between the two vehicles, plaintiff was injured and brought this action against defendant. Defendant admits negligence in that he failed to stop at the intersection as required by the established stop signs, but alleges plaintiff was contributorily negligent in that he failed to properly observe the approach of cross traffic and was, immediately prior to the collision, traveling at an excessive speed.

The evidence of speed is based largely upon the length and characteristics of skid marks on the pavement and the damage to the two vehicles.

A witness, called by plaintiff, testified as to measurements taken by him of the skid marks a few hours after the accident. He also took photographs of the surroundings at the intersection, and he testified, which testimony seems to be supported by his photographs, that the skid marks were 44 feet to a point where a second skid mark appeared, which extended 31 feet 5 inches to the point of impact, or a total of 75 feet 5 inches.

A state highway patrol officer was called by the defendant, who testified he paced off the length of the skid marks and found them approximately 38 paces or 114 feet in length. He stated he made his measurements and observations shortly after the accident and reduced them to writing.

In testifying he referred to his notes, stating he based his testimony upon such notes, and that without them he could not recall what measurements he had taken as he had investigated many accidents between the date of that accident and his appearance in court.

When counsel for plaintiff asked permission to examine the notes and demanded that they be placed in evidence the witness refused to produce them upon the ground they were confidential reports of the Motor Vehicle Department. The contention of the witness was upheld by the trial court, and it is the refusal of the court to direct the witness to produce these notes that reversible error is here claimed.

In *Inouye* v. *McCall*, 35 Cal. App. (2d) 634 [96 Pac. (2d) 386], this point was directly involved, and it was there held to be error to refuse to permit such memoranda to be examined by opposing counsel.

In that case the refusal to produce the notes was held to be error but not prejudicial, for the entire evidence there given by the officer was cumulative and could have been stricken out and the result would have been the same. We cannot find that to be true here. In the instant case there was a clear conflict as to the length of the skid marks, which was a fact relied upon to establish speed, and was therefore an important issue in the case.

Out of fairness to the very able trial judge who presided, it should be noted this case was tried before the opinion in the case of *Inouye* v. *McCall, supra,* was written.

The judgment must be reversed. It is so ordered.

Tuttle, J., and Thompson, J., concurred.